Honorable Lynn Schindler State Representative, 4th District P.O. Box 40600 Olympia, WA 98504-0600.
Dear Representative Schindler:
By letter previously acknowledged, you have asked for an opinion on the following question:
 Are independent professional educators' associations, which do not engage in bargaining regarding wages, hours, and terms and conditions of employment, "employee organizations" as defined by RCW 41.59.020(1)?
 BRIEF ANSWER
A professional educators' association which does not engage in bargaining regarding wages, hours, or terms and conditions of employment is not an "employee organization" as defined by RCW41.59.020(1).
 ANALYSIS
Your question concerns the interpretation of the term "employee organization" as set forth in RCW 41.59.020(1):
 The term "employee organization" means any organization, union, association, agency, committee, council, or group of any kind in which employees participate, and which exists for the purpose, in whole or in part, of collective bargaining with employers.
 [original page 2] This definition appears in the context of the Educational Employment Relations Act (RCW 41.59), which was enacted to prescribe certain rights and obligations of the educational employees of school districts, and to "establish procedures governing the relationship between such employees and their employers which are designed to meet the special requirements and needs of public employment in education." RCW41.59.010. Educational employees have the right to self-organize; to form, join, or assist "employee organizations"; to bargain collectively through representatives of their own choosing; and to refrain from those activities. RCW 41.59.060. An employer school district that interferes with, restrains, or coerces employees in the exercise of these rights commits an unfair labor practice. RCW 41.59.140. The Act sets up a system permitting collective bargaining between employer and employees under the general supervision of the public employment relations commission and defining procedural and substantive standards for this process. RCW 41.59.070-.130. Only an "employee organization", as defined by RCW 41.59.020(1), may become the exclusive bargaining representative of the employees. RCW 41.59.070.
For purposes of your question, the crucial part of the definition of "employee organization" in RCW 41.59.020(1) is the portion defining such an organization as one "which exists for the purpose, in whole or in part, of collective bargaining with employers." The term "collective bargaining" is defined as follows:
 The term "collective bargaining" or "bargaining" means the performance of the mutual obligation of the representatives of the employer and the exclusive bargaining representative to meet at reasonable times in light of the time limitations of the budget-making process, and to bargain in good faith in an effort to reach agreement with respect to the wages, hours, and terms and conditions of employment: PROVIDED, That prior law, practice or interpretation shall be neither restrictive, expansive, nor determinative with respect to the scope of bargaining. A written contract incorporating any agreements reached shall be executed if requested by either party. The obligation to bargain does not compel either party to agree to a proposal or to make a concession.
RCW 41.59.020(2). Thus, by definition, an "educational organization", as defined in these statutes, must (1) have school district employee participation, and (2) exist for the purpose, in whole or in part, of bargaining with the employer school district with respect to wages, hours, and terms and conditions of employment.
Your opinion request concerns organizations you describe as "independent professional educators' associations." You describe some of the attributes of these organizations as follows:
 [Independent professional educators' associations] have specifically defined themselves outside of the definition of an "employee organization" by establishing that they do not exist for the purpose of collective bargaining on behalf of employees and cannot be chosen by a majority of employees to be their bargaining representative. Their bylaws prohibit them from being an "employee [original page 3] organization" by stating, "This organization is organized to be a professional educators' organization and may not engage in, or exist for the purpose of collective bargaining with employers."
Letter from Lynn Schindler, State Representative, to Rob McKenna, Attorney General, (Oct. 10, 2005), at 1.
As you suggest, the independent professional educators' associations described in your request have defined themselves outside the term "employee organization" as set forth in RCW41.59.020(1) by disclaiming all intent to engage in collective bargaining concerning wages, hours, or terms and conditions of employment. An association which cannot engage in "collective bargaining" cannot meet the definition of "employee organization" in RCW 41.59. By definition, then, we answer your question in the negative.
Before closing, we add a couple of observations. First, our answer is based on the assumption that an organization meets the description contained in your request — that is, that the organization has expressly defined itself as not engaging in collective bargaining concerning wages, hours, or terms and conditions of employment. There may be other varieties of organizations in existence which do not completely meet the description contained in your letter. Obviously, the analysis might vary as to these. Second, the term "employee organization" in this opinion is limited to the use of the term in RCW41.59.020(1), which relates to collective bargaining between school districts and their employees as defined in that statutory section. This opinion does not address the rights and obligations of various organizations of educational employees for purposes other than engaging in collective bargaining under RCW 41.59.
We trust that the foregoing will be of assistance.
Sincerely,
ROB McKENNA, Attorney General
JAMES K. PHARRIS Deputy Solicitor General
:pmd